Tony **RICE** et al., Appellants,

v.

The **UNITED STATES** of America et al., Appellees.

No. 72-1738.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1973.

Decided April 20, 1973.

George T. Dynes, Dickinson, N. D., for appellants.

Lawrence E. Shearer, Atty., Dept. of Justice, Washington, D. C., and Charles A. Feste, Fargo, N. D., for appellees.

Before MATTHES, Chief Judge, and ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

This is an action brought by appellants to review a decision of the Board of Land Appeals approving the grant of an oil and gas lease on Burlington Northern, Inc. railroad right-of-way in Stark County, North Dakota. Judge VanSickle entered judgment affirming the decision of the Board of Land Appeals. We affirm.

The predecessor to Burlington Northern, Inc., Northern Pacific Railway Co., was granted a 400-foot wide strip of land from Lake Superior to Puget Sound under an Act of Congress passed July 2, 1864. This 400-foot wide strip passed through Section 8, Township 139 North, Range 98 West of the 5th P.M. in Stark County, North Dakota. In 1904 and in 1910 patents were issued to Mr. O'Connell and Mr. Gillman for 160-acre tracts of land within said Section 8. Although the railroad right-of-way crossed those two tracts, no mention was made in the patents of the railroad right-of-way or of the mineral rights attendant thereto. The appellants are successors in title to Mr. Gillman and Mr. O'Connell.

No question is raised as to the ownership of the right-of-way, as such, but appellants claim to own the oil and gas rights under the right-of-way. Their theory is that under United States v. Union Pacific R.R., 353 U.S. 112, 77 S. Ct. 685, 1 L.Ed.2d 693 (1957), title to oil and gas rights did not pass from the United States to Northern Pacific, and that since the descriptions in the patents given their predecessors in title included the entire 160-acre tracts without excluding the railroad right-of-way, they are the lawful owners of all of the interest that the United States retained in the railroad right-of-way, including oil and gas rights.

The trial court held that under Northern Pacific Ry. v. Townsend, 190 U.S. 267, 23 S.Ct. 671, 47 L.Ed. 1044 (1903) the 400-foot strip of land conveyed to the railroad was taken out of the category of public land subject to preemption and sale and that the land department therefore could not have conveyed any interest in it to the appellants' predecessors in title when the patents were issued.

We have carefully considered the record and the briefs of the parties and conclude that the trial court correctly decided the factual and legal issues presented. We therefore affirm on the basis of Judge VanSickle's well-reasoned memorandum opinion. Rice v. United States, 348 F.Supp. 254 (D.N.D. 1972).